UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON EMER MD NEW YORK CITY, and DR. JASON EMER, MD,<br><br>Plaintiffs,<br><br>-against-<br><br>MASON KELLEY,<br><br>Defendant. | Case No. 1:26-cv-05862 (JSR)<br><br>Memorandum of Law |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES</u>

By: Tyrone Blackburn

**INTRODUCTION**

Plaintiffs Jason Emer MD New York City, and Dr. Jason Emer, M.D. ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion to remand this action to the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1447(c). Defendant Mason Kelly removed this action on the purported basis of diversity jurisdiction under 28 U.S.C. § 1332. As set forth below, however, complete diversity does not exist because Plaintiff Jason Emer, like Defendant Mason Kelly, is domiciled in the State of California. Because the removing party bears the burden of establishing federal subject matter jurisdiction, and that burden cannot be met here, this action must be remanded. Plaintiffs further request an award of the just costs and actual expenses, including attorneys' fees, that they have incurred as a result of the improper removal, and respectfully request leave to file a separate motion for sanctions if appropriate.

STATEMENT OF FACTS

On or about May 4, 2026, Plaintiffs commenced this action in the Supreme Court of the State of New York, County of New York, captioned *Jason Emer, MD, et al. v. Mason Kelly,* Index No. 155651/2026. *See* Declaration of Tyrone A. Blackburn, Esq. ("Blackburn Decl.") ¶ 3.  On or about July 10, 2026, Defendant removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 on the theory that Plaintiff Jason Emer is a citizen of New York. *See* Blackburn Decl. ¶ 4, Ex. A (Notice of Removal).

Following removal, undersigned counsel promptly notified Defendant's counsel that Dr. Emer is, and at all relevant times has been, domiciled in the State of California, and requested that Defendant voluntarily withdraw the removal. *See* Blackburn Decl. ¶¶ 5–9, Exs. B–D. In support of that position, Plaintiffs' counsel provided Defendant's counsel with, among other things, (i) a true and correct copy of Dr. Emer's California driver's license, reflecting a Los Angeles, California address, and (ii) a Los Angeles Department of Water and Power utility bill for the same Los Angeles address, in Dr. Emer's name, reflecting an active, auto-paid residential account. *See* Blackburn Decl. ¶¶ 8–9, Exs. C–D.

Despite this evidence, Defendant has refused to withdraw the removal and, to date, has not identified any evidence establishing that Dr. Emer is domiciled in New York. *See* Blackburn Decl. ¶ 10.

<u>LEGAL STANDARD</u>

A.  <u>Remand Under 28 U.S.C. § 1447(c)</u>

A federal court is one of limited jurisdiction, and the party asserting subject matter jurisdiction bears the burden of proving that it exists. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 314 n.4 (2006). Section 1447(c) governs remand and provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Section 1447(c) distinguishes between procedural defects in removal, which must be raised within thirty days after the filing of the notice of removal, and jurisdictional defects, which may be raised at any time before final judgment. *See* 28 USCS § 1447, *Batton v. Ga. Gulf*, 261 F. Supp. 2d 575 (2003), 28 USCS § 1446. (A motion to remand based on any defect other than a lack of subject matter jurisdiction—commonly referred to as a procedural defect—must be made within 30 days after the filing of the notice of removal). Where, as here, the defect goes to subject matter jurisdiction rather than mere procedure, there is no time limit on the motion to remand. *Batton v. Ga. Gulf*, 261 F. Supp. 2d 575 (2003).

B.  <u>Diversity Jurisdiction and Domicile</u>

Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity," meaning that no plaintiff may share citizenship with any defendant. *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.,* 772 F.3d 111, 118 (2d Cir. 2014). For purposes of diversity jurisdiction, an individual's citizenship is determined by his or her domicile, not mere residence. *Van Buskirk v. United Grp. of Cos.,* 935 F.3d 49, 53 (2d Cir. 2019); *Palazzo v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000). Domicile requires (1) physical presence in a state, and (2) the intent to remain there indefinitely. *Van Buskirk,* 935 F.3d at 53. A person may reside in more than one place but can have only one domicile at any given time. *Palazzo,* 232 F.3d at 42. Removal statutes are strictly construed against removal, and "all doubts should be resolved against removability." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994).

<u>ARGUMENT</u>

A.  <u>Complete Diversity Does Not Exist Because Plaintiff Jason Emer Is Domiciled in California, and the Court Therefore Lacks Subject Matter Jurisdiction</u>.

As the removing party, Defendant bears the burden of establishing this Court's subject matter jurisdiction by competent proof. *New York v. Int'l Joint Comm'n*, 559 F. Supp. 3d 146 (2021) (this burden falls squarely upon the removing defendant to establish its right to a federal

forum by competent proof). Defendant cannot carry that burden because complete diversity is absent.

To ascertain this intent, courts examine the entire course of a person's conduct under a "totality of the evidence" approach where no single factor is conclusive. *Chappelle v. Beacon Communs. Corp.*, 863 F. Supp. 179 (1994), *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37 (1988).  In evaluating the totality of the circumstances, courts within the Southern District of New York and other jurisdictions consider a non-exhaustive list of objective factors, which include: Current residence and whether the individual owns a home or pays rent; the permanency and scope of the living arrangements; the location of real and personal property, such as furniture and automobiles; affiliations with religious, social, civic, or political organizations, including club and church memberships, and the locations of the person's professional service providers, such as physicians, lawyers, accountants, dentists, and stockbrokers. *Chappelle v. Beacon Communs. Corp.*, 863 F. Supp. 179 (1994). Additionally: voting registration and actual voting practices; the place of employment or business; the location of a spouse, family, and personal belongings; driver's license and automobile registration; the location of bank and brokerage accounts, as well as the transaction of financial and business matters; and payment of personal taxes, tax return addresses, and tax filing history. *Gutierrez v. Fox*, 966 F. Supp. 214 (1997).

Here, the evidence establishes that Dr. Emer is domiciled in California, not New York. Dr. Emer holds a California driver's license reflecting a Los Angeles residential address. *See* Blackburn Decl. Ex. C. That same address appears on a current Los Angeles Department of Water and Power utility bill, in Dr. Emer's name, for electric, water, sewer, and sanitation service at that residence, which is paid automatically from Dr. Emer's account. *See* Blackburn Decl. Ex. D. Together, this evidence demonstrates both physical presence in California and Dr. Emer's continuing intent to remain there. *See Hatfill v. Foster,* 415 F. Supp. 2d 353, 358 (S.D.N.Y. 2006) (these factors include the party's physical presence, the location of their driver's license and other legal documents, and the payment of personal or financial expenses).

Because Defendant Mason Kelly is, by his own admission in a separate action he filed against Dr. Emer in California state court, also a citizen of California, Plaintiff Emer and Defendant Kelly share California citizenship, destroying complete diversity. *See* Blackburn Decl. ¶ 11. Defendant, as the removing party, has offered no competent evidence to the contrary. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340 (2005) (When a party challenges

removal, the removing party bears the burden of establishing its right to a federal forum by "competent proof".) Accordingly, this Court lacks subject matter jurisdiction, and remand is mandatory under 28 U.S.C. § 1447(c).

    B.  Defendant's Anticipated Arguments Do Not Establish Jurisdiction.

To the extent Defendant contends that Dr. Emer is a citizen of New York based on his professional or business affiliations in the State, that contention fails. While the location of a person's business activities is a relevant objective factor used to evaluate their subjective intent, it does not define domicile. *Eckerberg v. Inter-State Studio & Publ'g Co*., 860 F.3d 1079 (2017), *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co*., 607 F. Supp. 2d 967 (2009). Domicile remains fundamentally grounded in physical presence and the intent to remain indefinitely, rather than the location of one's business activities, because a person may maintain business operations in multiple locations or separate from their true home, whereas an individual can legally possess only one domicile at any given time. *Palazzo v. Corio*, 232 F.3d 38 (2000), *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co.,* 607 F. Supp. 2d 967 (2009).

Here, the Defendant's position is further undermined by his own contrary judicial admission, in the California action, that Dr. Emer is domiciled in California. *See* Blackburn Decl. ¶ 11. Because all doubts must be resolved against removability, any ambiguity must be resolved in favor of remand. *Lupo,* 28 F.3d at 274.

    C.  The Court May Award Costs, Expenses, and Attorney Fees Under 28 U.S.C. § 1447(c), and Plaintiffs Request Leave to Seek Sanctions If Appropriate.

This Court has discretion to award costs and expenses, including attorneys' fees, to a plaintiff when remanding a case that has been improperly removed. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). Awarding attorneys' fees serves the statute's goal of deterring improper removal. Circle Indus. *USA v. Parke Construction Group*, 183 F.3d 105, 109 (2d Cir.), cert. den'd, 528 U.S. 1062 (1999).

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the U.S. Supreme Court explained that such fees may be awarded when the removing party did not have an objectively reasonable basis for seeking removal. The Second Circuit has held that awards of costs and attorneys' fees do not require a showing of bad faith removal. *Morgan Guaranty Trust Co. v. Republic of Palau,* 971 F.2d 917, 923 (2d Cir. 1992).

Here, Defendants cannot show that they had an "objectively reasonable" basis for seeking removal. Defendant removed this action asserting that Dr. Emer is a citizen of New York, notwithstanding that Defendant himself has taken the contrary position—that Dr. Emer is domiciled in California—in litigation Defendant commenced against Dr. Emer in California state court. *See* Blackburn Decl. ¶ 11. Despite being provided with Dr. Emer's California driver's license and a current California utility bill establishing his domicile, Defendant refused to withdraw the removal, forcing Plaintiffs to incur the costs and fees associated with the instant motion. *See* Blackburn Decl. ¶¶ 8–10. Under these circumstances, Defendant lacked an "objectively reasonable" basis to remove, and an award of just costs and actual expenses, including attorneys' fees, under § 1447(c) is warranted.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (i) remand this action to the Supreme Court of the State of New York, County of New York, for lack of subject matter jurisdiction; (ii) award Plaintiffs their just costs and actual expenses, including reasonable attorneys' fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c); and (iii) grant such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York.
     July 21, 2026

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: (347) 342-7432
Email: tblackburn@tablackburnlaw.com
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiffs' Motion to Remand was served upon all counsel of record via the Court's CM/ECF system and by electronic mail at the following address:

Evan S. Weiss, Esq.
Martenson, Hasbrouck & Simon LLP
One Battery Park Plaza, Suite 1110
New York, New York 10004
Email: eweiss@martensonlaw.com
Attorneys for Defendant Mason Kelly

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor