UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JASON EMER MD NEW YORK CITY,                              Civil Action No.: 1:26-cv-05862 (JSR)
and DR. JASON EMER, MD,
                                                         **DECLARATION OF EVAN S.**
                    Plaintiffs,                          **WEISS**
                                                         **IN OPPOSITION TO PLAINTIFFS'**
          -against-                                      **MOTION TO REMAND AND FOR**
                                                         **ATTORNEYS' FEES**
MASON KELLEY,

                    Defendant.

-------------------------------------------------------------X

     EVAN S. WEISS, ESQ., pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

as follows:

     1.    I am an attorney duly admitted to practice before this Court and an attorney with

the firm Martenson, Hasbrouck & Simon, LLP, counsel for Defendant Mason Kelley ("Defendant"

or "Kelley") in the above-captioned action.  I submit this Declaration in support of Defendant's

Opposition to Plaintiff's Motion to Remand, and to place before the Court true and correct

copies of documents referenced in the accompanying Memorandum.  I am fully familiar with

the facts set forth herein based upon my personal knowledge and my review of the files maintained

by my firm, and if called upon to testify as to the matters set forth herein could and would do so

competently.

     2.    I performed a search of the records of the New York Secretary of State, Division of

Corporations, for any entity—corporation, professional corporation, limited liability company, or

otherwise—named "JASON EMER MD NEW YORK CITY."  I also searched for variants of that

name. To the best of my knowledge, no such entity exists within those records. The only entity

registered in New York that appears to contain "Jason Emer" at all is the California entity: Jason

J. Emer, MD, Professional Corporation. Attached hereto as **Exhibit 1** is a true and correct copy of

the search results for "JASON EMER MD NEW YORK CITY."

1

3.    Attached hereto as **Exhibit 2** is a true and correct copy of the most recent Statement Of Information filed with the California Secretary of State by the California entity Jason J. Emer, MD, Professional Corporation.

4.    Attached hereto as **Exhibit 3** is a true and correct copy of Kelley's California Complaint and Proofs of Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed August 5 2026.

_____
Evan S. Weiss, Esq.

# EXHIBIT 1

An official website of New York State.
Here's how you know ∨





# Department of State
## Division of Corporations

## Entity Search Results

**No business entities were found. Please refine your search criteria. To continue please do the following: Tab to Ok and press the Enter key or Click Ok.**

OK

Case 1:26-cv-05862-JSR    Document 9-1    Filed 08/05/26    Page 5 of 33

AgenciesApp DirectoryCountiesEventsProgramsServices

# EXHIBIT 2

BA20260018686

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: BA20260018686

Date Filed: 1/5/2026

B4295-8456  01/05/2026  8:45 AM Received by California Secretary of State

| Entity Details | |
|---|---|
| Corporation Name | JASON J. EMER, MD, PROFESSIONAL CORPORATION |
| Entity No. | 3743330 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of Corporation | |
|---|---|
| Principal Address | 9201 SUNSET BLVD STE 510 WEST HOLLYWOOD, CA 90069 |

| Mailing Address of Corporation | |
|---|---|
| Mailing Address | 9201 SUNSET BLVD STE 510 WEST HOLLYWOOD, CA 90069 |
| Attention | |

| Street Address of California Office of Corporation | |
|---|---|
| Street Address of California Office | 9201 SUNSET BLVD STE 510 WEST HOLLYWOOD, CA 90069 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| NONE NONE | 9201 SUNSET BLVD STE 510 WEST HOLLYWOOD, CA 90069 | Chief Executive Officer, Secretary |
| + Ash Patel | 9201 SUNSET BLVD 510 WEST HOLLYWOOD, CA 90069 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| JASON EMER | 9201 SUNSET BLVD STE 510 WEST HOLLYWOOD, CA 90069 |

The number of vacancies on Board of Directors is: 0

| Agent for Service of Process | |
|---|---|
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM Registered Corporate 1505 Agent |

| Type of Business | |
|---|---|
| Type of Business | MEDICAL PRACTICE |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail. |

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒   By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*REBECCA CARBERRY*                          *01/05/2026*

Signature                                                    Date

B4295-8457 01/05/2026 8:45 AM Received by California Secretary of State

# EXHIBIT 3

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/14/2026 8:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk**

AMIR H. AZIMZADEH (SBN 292474)
amir@acslawsd.com
ERIC M. CARRINO (SBN 310765)
eric@acslawsd.com
JACOB T. SPAID (SBN 298832)
jacob@acslawsd.com
ACS LAW PC
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: (888) 370-5062
Facsimile: (858) 328-2068

Attorneys for Plaintiff MASON KELLEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MASON KELLEY, an individual,<br><br>       Plaintiff,<br><br>      v.<br><br>JASON J. EMER, MD, PROFESSIONAL CORPORATION, a California Professional Corporation; JASON EMER, an individual; JOSE BODON-ORSINI, an individual; and DOES 1-25, inclusive,<br><br>      Defendants. | CASE NO.: 26STCV12029<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff MASON KELLEY ("Plaintiff") alleges as follows:

## INTRODUCTION

1. Through this action Plaintiff seeks justice for the persistent sexual harassment, discrimination, and retaliation he was forced to endure at in the workplace. After Plaintiff rejected repeated sexual advances from his supervisors, his pay was docked, his title and responsibilities were altered, and this performance was scrutinized. Once it became clear that these tactics would not cause Plaintiff to relent, Defendants wrongfully terminated Plaintiff's employment. This action follows.



COMPLAINT FOR DAMAGES

## **PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff was at all relevant times a resident of Los Angeles County, California.

3.      Plaintiff is informed and believes that Defendant Jason Emer, MD, Professional Corporation ("EMER MD" or the "Company") is, and at all relevant times was, a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles.  At all relevant times, EMER MD was authorized to and did conduct business in the State of California.  EMER MD maintains offices and/or facilities and conducts business in Los Angeles County, California.  EMER MD is an employer as defined under California law, including, but not limited to, California Labor Code sections 200 *et seq.* and 226.7 *et seq.*

4.      Plaintiff is informed and believes that Defendant Jason Emer ("Dr. Emer") is, and at all relevant times was, an individual residing in Los Angeles County, California. At all relevant times, Dr. Emer was the owner, principal, and a managing agent of the Company with authority to hire, fire, and control the terms and conditions of Plaintiff's employment.

5.      Plaintiff is informed and believes that Defendant Jose Bodon-Orsini ("Bodon-Orsini") is, and at all relevant times was, an individual residing in Los Angeles County, California. At all relevant times, Bodon-Orsini was employed by the Company as its Vice President of Business Development and Corporate Expansion, and was a managing agent of the Company with authority to control the terms and conditions of Plaintiff's employment.

6.      The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-25 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each such DOE Defendant was, and is, negligent, or in some other actionable manner responsible for the events and happenings referred to herein, and thereby negligently, or in some other actionable manner legally and proximately caused Plaintiff's damages. Plaintiff will seek leave from the Court to amend this Complaint to show each DOE Defendant's true name and capacity after the same has been ascertained.

///



2

COMPLAINT FOR DAMAGES

7.      The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-25 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  The full extent of the facts linking such fictitiously sued Defendants is currently unknown to Plaintiff.  Plaintiff is informed and believes that each such DOE Defendant was, and is, negligent, or in some other actionable manner responsible for the events and happenings referred to herein, and thereby negligently, or in some other actionable manner legally and proximately caused Plaintiff's damages.  Plaintiff will seek leave from the Court to amend this Complaint to show each DOE Defendant's true name and capacity after the same has been ascertained.

8.      At all times mentioned herein, each Defendant, including DOES 1-25, was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

9.      This Court has jurisdiction over all causes of action asserted herein because the alleged acts and omissions giving rise to the allegations set forth herein occurred in Los Angeles County, and the Defendants either live in or conduct business in the State of California.  The California Superior Court has jurisdiction over Defendants because they are corporations or business entities that have sufficient minimum contacts in California, are citizens of California, or otherwise purposely availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10.      The amount in controversy exceeds $35,000.

11.      Plaintiff has exhausted administrative remedies pursuant to California Government Code sections 12960 and 12965(b) by timely filing an administrative complaint with the California Civil Rights Department and receiving a Right to Sue letter within one year prior to the filing of this lawsuit.

12.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants resides, transacts business, or has offices in Los Angeles County.

///



COMPLAINT FOR DAMAGES

13. At all times mentioned herein, each Defendant, including DOES 1-25, was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

14. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, §10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." This Court has jurisdiction over all causes of action asserted herein because the alleged acts and omissions giving rise to the allegations set forth herein occurred in Los Angeles County, and the Defendants either live in or conduct business in the State of California.

## JOINT LIABILITY

15. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of each Defendant. Moreover, Plaintiff is informed and believes that each Defendant has authorized and/or ratified the wrongful activities of each remaining Defendant.

## CORPORATE LIABILITY FOR PUNITIVE DAMAGES

16. Defendants' conduct described herein was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by their officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by their officers, directors, and/or managing agents as those terms are used in California Civil Code section 3294 for purposes of establishing corporate liability for punitive damages. Defendants Jason Emer and Jose Bodon-Orsini were at all relevant times the officers, directors, and/or managing agents of the Company, such that their conduct constitutes the conduct of the Company itself for purposes of punitive damages.

///

///

COMPLAINT FOR DAMAGES

**<u>FACTUAL ALLEGATIONS</u>**

***Plaintiff's Initial Employment With The Company***

17. Plaintiff is a talented sales representative with a proven track record of success. Earlier in his career, Plaintiff worked as a sales representative for Dr. Emer and the Company. Plaintiff and the Company ultimately opted to part ways, leaving Plaintiff to continue to grow his career in San Diego, California, where he established his home, professional network, and a flourishing career.

***Dr. Emer Lures Plaintiff To Return To The Company And Relocate***

18. In or about September 2025, Dr. Emer reached out to Plaintiff to try and convince him to return to work at the Company as its "Head of Sales." The Company acknowledged that Plaintiff's "exceptional qualifications, experience, and passion for driving sales" made him an "ideal candidate" for the position. Plaintiff was offered a base salary of $200,000 per year with bonus and commission potential.

19. After initial reluctance, Plaintiff relented to Dr. Emer's pleas and promises that the work environment would be welcoming and positive—a marked improvement over Plaintiff's experiences during his prior employment with the Company. Trusting Dr. Emer, Plaintiff upended his life and moved to Los Angeles, leaving behind his home, friends, and growing career in San Diego. Virtually everything Dr. Emer promised turned out to be a lie.

***Dr. Emer And Bodon-Orsini Sexually Harass Plaintiff***

20. Soon after accepting the Head of Sales position, Plaintiff moved to Los Angeles. Dr. Emer and Bodon-Orsini—who were at the time a romantic couple, with Bodon-Orsini acting as the Company's Vice President of Business Development and Corporate Expansion—offered to let Plaintiff stay at their house while Plaintiff looked for his own housing arrangements. Plaintiff thought the offer was a harmless, good-faith effort to assist his transition to Los Angeles.

21. However, Bodon-Orsini soon began to call Plaintiff while Plaintiff was alone in the house to coax Plaintiff into swimming naked in the jacuzzi. Bodon-Orsini attempted to convince Plaintiff that he was alone in the house and that swimming naked was no big deal. Upon further inspection, Plaintiff realized that Dr. Emer and Bodon-Orsini had positioned security



COMPLAINT FOR DAMAGES

cameras directly at the jacuzzi, clearly to observe and, possibly, record Plaintiff swimming naked. That fact, coupled with Dr. Emer and Bodon-Orsini's clear insinuations that they would like to have a sexual relationship with Plaintiff, caused Plaintiff to rebuff their advances and to immediately find alternate housing arrangements.

22.    Dr. Emer and Bodon-Orsini were not easily deterred. Their continued sexual advances spanned nearly the entirety of Plaintiff's employment with the Company.

**Dr. Emer And Bodon-Orsini Retaliate Against Plaintiff**

23.    Soon after Plaintiff rejected Dr. Emer and Bodon-Orsini's sexual advances, everything changed. Bodon-Orsini became domineering and condescending toward Plaintiff. Dr. Emer and Bodon-Orsini told others at the Company that they were "going to put [Plaintiff] in his place," and they then stripped Plaintiff of his job title and reduced his pay. Even though Plaintiff quickly became the Company's top salesman, Dr. Emer and Bodon-Orsini falsely claimed Plaintiff was low on sales as pretext to justify their inappropriate retaliation.

24.    Things only continued to get worse. During one interaction with Dr. Emer, Plaintiff expressed his surprise at Dr. Emer's apparently high level of energy notwithstanding his back-to-back-to-back surgery and work schedules. Dr. Emer told Plaintiff that he was taking "supplements" to help him stay energized and asked whether Plaintiff would like to try one. Plaintiff, believing the "supplements" to be over the counter, accepted Dr. Emer's offer. In fact, Dr. Emer was regularly taking Clenbuterol—a prescription medication—which he gave to Plaintiff without disclosing what it was and without a prescription.

25.    After having a negative reaction to the prescription medication he was unknowingly given, Plaintiff raised with the Company's Human Resources Director his concern that Dr. Emer was endangering patient safety by using prescription medication to stay awake for extended periods of time in order to complete a high volume of surgical procedures. Plaintiff also advised the Company of Dr. Emer and Bodon-Orsini's inappropriate advances and subsequent retaliation against him.

26.    Rather than take Plaintiff's complaints seriously, the Company allowed them to deepen Dr. Emer and Bodon-Orsini's resolve to get rid of Plaintiff.

6
COMPLAINT FOR DAMAGES

*Plaintiff's Wrongful Termination And The Company's Payroll Violations*

27.    Ultimately, Dr. Emer fired Plaintiff, again using Plaintiff's supposed weak sales record as pretext. In reality, Dr. Emer and Bodon-Orsini were upset that Plaintiff refused their sexual advances and then raised with the Company his sincere concerns regarding patient safety in light of Dr. Emer's apparent substance abuse.

28.    Plaintiff was classified as an "exempt" employee throughout his tenure. However, after Dr. Emer and Bodon-Orsini stripped Plaintiff of his job title and reduced his pay in retaliation for rejecting their sexual advances, Plaintiff no longer satisfied the salary threshold or duties required to qualify as an exempt employee under California law. Notwithstanding this demotion and pay reduction, the Company continued to classify Plaintiff as exempt and failed to pay him overtime for the long hours he worked, failed to provide him with compliant meal and rest breaks, and failed to issue accurate itemized wage statements reflecting his hours worked and applicable rates of pay.

*The Devastating Impact On Plaintiff's Life And Career*

29.    The cumulative effect of Defendants' conduct has been devastating. Plaintiff relocated his entire life based on the promise of a bright future at a professional organization. He is now left living, without a job, in a city that, but for the job offer with the Company, he would never have chosen to live in. Plaintiff is striving to find alternative employment but has found it difficult in a new market after being terminated. The personal toll has been equally severe, causing Plaintiff emotional distress, embarrassment, humiliation, anxiety, and fear.

**FIRST CAUSE OF ACTION**

**Harassment/Hostile Work Environment**

**(Cal. Gov. Code § 12940(j))**

**(Against All Defendants)**

30.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

31.    It is illegal for an employer and/or employee of that employer to harass another employee based on that employee's membership in a protected class, including sex. (Cal. Gov. Code, §12940(j).)



7

COMPLAINT FOR DAMAGES

32.    Plaintiff was an employee of Defendant Jason J. Emer, MD, Professional Corporation. During that employment, Plaintiff was subjected to severe and pervasive harassing conduct on the basis of sex, as described above, including but not limited to: Bodon-Orsini's repeated efforts to coax Plaintiff into swimming naked in his and Dr. Emer's jacuzzi while security cameras were positioned to observe Plaintiff; Dr. Emer and Bodon-Orsini's repeated sexual advances spanning nearly the entirety of Plaintiff's employment; inappropriate gifts including a luxury handbag intended to curry sexual favor; and a pervasive course of conduct designed to pressure Plaintiff into a sexual relationship with his supervisors.

33.    Any reasonable person in Plaintiff's position would have considered, and Plaintiff did in fact consider, the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

34.    Defendants Jason Emer and Jose Bodon-Orsini personally engaged in the harassing conduct described herein. As the Company's principals and managing agents, their conduct is imputed to the Company, and the Company is strictly liable for their harassment.

35.    As a direct and proximate result of Defendants' conduct, Plaintiff was harmed and has suffered, and continues to suffer, mental and emotional anguish, including embarrassment, humiliation, anxiety, stress, and fear, as well as lost wages and benefits.

36.    Defendants' conduct was egregious and carried out with sufficient oppression, fraud, or malice to warrant the imposition of punitive damages pursuant to California Civil Code section 3294.

37.    Plaintiff's damages are ongoing and are subject to proof at trial.

///

///

///



8
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### Failure to Prevent Harassment and Discrimination

### (Cal. Gov. Code § 12940(k))

### (Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)

38.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

39.    As Plaintiff's employer, the Company and DOES 1-25 owed Plaintiff a duty of care to take reasonable steps to prevent harassment and discrimination against Plaintiff while acting within the course and scope of his employment. (Cal. Gov. Code, §12940(k).)

40.    The Company and DOES 1-25 breached that duty when they: (a) failed to implement adequate policies, procedures, and training to prevent sexual harassment by its most senior leadership; (b) ignored Plaintiff's complaints to Human Resources regarding Dr. Emer and Bodon-Orsini's sexual advances and subsequent retaliation; (c) failed to conduct any meaningful investigation of Plaintiff's complaints; and (d) permitted Dr. Emer and Bodon-Orsini to continue harassing and retaliating against Plaintiff until they ultimately terminated his employment.

41.    The Company had numerous opportunities to take reasonable steps to avoid such harassment and discrimination, yet it failed to do anything whatsoever to protect Plaintiff from harm.

42.    As a direct and proximate result of the Company and DOES 1-25's failures, Plaintiff was harmed and has suffered, and continues to suffer, mental and emotional anguish, as well as lost wages and benefits.

43.    The Company and DOES 1-25's conduct was egregious and carried out with sufficient oppression, fraud, or malice to warrant the imposition of punitive damages pursuant to California Civil Code section 3294.

44.    Plaintiff's damages are ongoing and are subject to proof at trial.

///

///

///






## THIRD CAUSE OF ACTION

### Retaliation

### (Cal. Gov. Code § 12940(h))

### (Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)

45.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

46.    It is against the law for any employer to discriminate or retaliate against any employee who complains of forbidden practices or otherwise engages in protected activity. (Cal. Gov. Code, §12940(h).)

47.    Plaintiff engaged in protected activity with his employer by, among other things, (a) rejecting Dr. Emer and Bodon-Orsini's sexual advances; (b) complaining to the Company's Human Resources Director, Lena LaBelle, about Dr. Emer and Bodon-Orsini's sexual harassment; and (c) complaining to the Company about Dr. Emer's conduct endangering patient safety.

48.    Rather than take Plaintiff's complaints seriously and investigate and correct the misconduct, the Company retaliated against Plaintiff by, among other things: (a) stripping Plaintiff of his job title; (b) reducing his pay; (c) fabricating negative reviews of Plaintiff's sales performance notwithstanding that Plaintiff was the Company's top salesman; and (d) ultimately terminating Plaintiff's employment.

49.    Plaintiff's protected activity was a substantial motivating reason for Defendants' retaliatory conduct.

50.    As a direct and proximate result of the Company and DOES 1-25's retaliation, Plaintiff was harmed and has suffered, and continues to suffer, mental and emotional anguish, as well as lost wages and benefits.

51.    The Company and DOES 1-25's conduct was egregious and carried out with sufficient oppression, fraud, or malice to warrant the imposition of punitive damages pursuant to California Civil Code section 3294.

52.    Plaintiff's damages are ongoing and are subject to proof at trial.

///

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**Discrimination**

**(Cal. Gov. Code § 12940(a))**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

53.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

54.    It is illegal for an employer to discriminate against an employee based on that employee's membership in a protected class, including sex. (Cal. Gov. Code, §12940(a).)

55.    Plaintiff was an employee of the Company and DOES 1-25. During that employment, Plaintiff was discriminated against based on his sex and his refusal to engage in a sexual relationship with his supervisors. Because of his refusal to submit to their advances, the Company and DOES 1-25 singled out Plaintiff during his work, treated him with hostility, stripped him of his job title, reduced his pay, fabricated negative reviews of his work performance, and ultimately terminated his employment.

56.    As a direct and proximate result of the Company and DOES 1-25's discrimination, Plaintiff was harmed and has suffered, and continues to suffer, mental and emotional anguish, as well as lost wages and benefits.

57.    The Company and DOES 1-25's conduct was egregious and carried out with sufficient oppression, fraud, or malice to warrant the imposition of punitive damages pursuant to California Civil Code section 3294.

58.    Plaintiff's damages are ongoing and are subject to proof at trial.

**FIFTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167)**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

59.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

60.    California law prohibits termination or other adverse employment actions against employees for reasons that violate public policy. Plaintiff is informed and believes, and thereon



11

COMPLAINT FOR DAMAGES

alleges, that the Company violated public policy by terminating his employment for reasons that violate the public policy of the State of California.

61. The Company's termination of Plaintiff's employment violated California statutes and common law that inure to the benefit of the public at large and embody fundamental public policy of the State of California, including but not limited to the Fair Employment and Housing Act, California Government Code sections 12940 et seq., California Labor Code section 1102.5 (prohibiting retaliation for disclosing information regarding violations of law and activities endangering public health and safety), and related statutes and common law.

62. The Company terminated Plaintiff's employment because Plaintiff rejected Dr. Emer and Bodon-Orsini's sexual advances, complained about sexual harassment, and raised legitimate concerns regarding patient safety arising from Dr. Emer's use of prescription medication to perform surgical procedures.

63. Plaintiff's termination was wrongful, tortious, illegal, and in violation of public policy.

64. As a direct and proximate result of the Company's conduct, Plaintiff has suffered actual, consequential, and incidental financial losses, including loss of income, earnings, salary and benefits, damage to his professional reputation, and emotional distress, all in an amount subject to proof at trial.

65. The Company's conduct was egregious and carried out with sufficient oppression, fraud, or malice to warrant the imposition of punitive damages pursuant to California Civil Code section 3294.

66. Plaintiff's damages are ongoing and are subject to proof at trial.

///

///

///



COMPLAINT FOR DAMAGES

**SIXTH CAUSE OF ACTION**

**Willful Misclassification**

**(Cal. Lab. Code § 226.8)**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

67.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

68.    California Labor Code section 226.8 prohibits the willful misclassification of an individual's employment status. Although Plaintiff was classified as an "exempt" employee upon hire, after the Company stripped Plaintiff of his job title and reduced his pay in retaliation for rejecting his supervisors' sexual advances, Plaintiff no longer met either the salary-basis test or the duties test required to qualify as an exempt employee under California law.

69.    Notwithstanding Plaintiff's demotion and pay reduction, the Company willfully continued to classify Plaintiff as exempt in order to avoid paying him overtime and providing him with the meal and rest breaks to which he was entitled under California law.

70.    As a result of the Company's willful misclassification, Plaintiff is entitled to all available remedies under California Labor Code section 226.8, including civil penalties, as well as the unpaid wages, overtime, premium pay, interest, attorneys' fees, and costs to which he is entitled.

71.    Plaintiff's damages are ongoing and are subject to proof at trial.

**SEVENTH CAUSE OF ACTION**

**Failure to Pay Wages**

**(Cal. Lab. Code § 204)**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

72.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

73.    At all times relevant, California Labor Code section 204(a) provided that all wages earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

74.    During Plaintiff's employment, following his demotion and the Company's willful misclassification of him as exempt, the Company willfully failed to pay Plaintiff all wages



13

COMPLAINT FOR DAMAGES

that were due and owed to him on designated paydays, including unpaid overtime and premium pay for missed meal and rest periods, in violation of California law.

75.     As a result of the Company's willful and intentional conduct, Plaintiff has been damaged and is entitled to recover civil penalties from the Company in the amount of $100.00 for the initial pay period in which a violation occurred and $200.00 for each violation in subsequent pay periods, plus 25% of the amount unlawfully withheld, in an amount to be determined according to proof. Plaintiff is also entitled to interest, reasonable attorneys' fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements**

**(Cal. Lab. Code § 226)**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

76.     Plaintiff incorporates all preceding allegations as though fully set forth herein.

77.     During Plaintiff's employment, the Company intentionally and knowingly failed to provide Plaintiff with timely and accurate itemized wage statements showing gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, as required by California Labor Code section 226.

78.     The Company's wage statements to Plaintiff were necessarily inaccurate because of the Company's willful misclassification of Plaintiff as an exempt employee following his demotion, which caused Plaintiff's wage statements to omit total hours worked, applicable hourly rates, and other information required by California Labor Code section 226(a).

79.     As a result of the Company's violation of California Labor Code section 226, Plaintiff has suffered injuries and damages, including that Plaintiff was not paid overtime and double-time he was entitled to, was not provided meal and rest breaks, was not paid wages due, and the absence of accurate records of hours worked makes it difficult for Plaintiff to collect overtime wages due.

///



14

COMPLAINT FOR DAMAGES

80.    As a result of the Company's intentional failure to provide Plaintiff with accurate and itemized wage statements, Plaintiff is entitled to all available statutory penalties, costs, and attorneys' fees, including those provided in California Labor Code section 226(e), as well as all other available remedies.

**NINTH CAUSE OF ACTION**

**Waiting Time Penalties**

**(Cal. Lab. Code §§ 201-203)**

**(Against Defendant Jason J. Emer, MD, Professional Corporation and DOES 1-25)**

81.    Plaintiff incorporates all preceding allegations as though fully set forth herein.

82.    California Labor Code sections 201 and 202 require employers to pay all wages due and owing to employees immediately upon discharge or within seventy-two (72) hours of resignation. California Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

83.    The Company willfully failed to pay all wages due and owing to Plaintiff at the time of his separation from employment, including by withholding Plaintiff's final paycheck following his termination and by failing to pay all unpaid regular wages, overtime wages, and premium pay for missed meal and rest periods.

84.    As a result of the Company's unlawful conduct, Plaintiff is entitled to recover up to thirty (30) days' worth of wages as penalties under California Labor Code section 203, together with interest thereon, attorneys' fees, and costs.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff MASON KELLEY prays for judgment against Defendants and DOES 1-25, inclusive, and each of them, as follows to the full extent allowed by law:

1.    For general damages, according to proof;

2.    For special damages, according to proof;

3.    For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;



15

COMPLAINT FOR DAMAGES

4.    For costs of suit incurred herein;

5.    For attorneys' fees pursuant to California Labor Code sections 218.5 and 1102.5, California Code of Civil Procedure 1021.5, and other applicable law;

6.    For pre-judgment and post-judgment interest as provided by law; and

7.    For such other and further relief as the Court deems just and proper.

DATE: April 14, 2026                              ACS LAW PC

By: _____
AMIR H. AZIMZADEH
ERIC M. CARRINO
JACCOB T. SPAID
Attorneys for Plaintiff MASON KELLEY

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

DATE: April 14, 2026                              ACS LAW PC

By: _____
AMIR H. AZIMZADEH
ERIC M. CARRINO
JACOB T. SPAID
Attorneys for Plaintiff MASON KELLEY



16

COMPLAINT FOR DAMAGES

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>AC SoCal Law PC<br>Jacob Spaid SBN 298832<br>12636 High Bluff Drive, Suite 400<br>San Diego, CA 92130<br>TELEPHONE NO:  (888) 370-5062    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jacob@acslawsd.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/27/2026 12:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Grim, Deputy Clerk** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles
STREET ADDRESS:   111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles, 90012-3117
BRANCH NAME:   Central District

| PLAINTIFF / PETITIONER:    MASON KELLEY<br>DEFENDANT / RESPONDENT:    JASON J. EMER, MD, PROFESSIONAL CORPORATION, et al. | CASE NUMBER:<br>26STCV12029 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15722354 (28027866) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:    Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Proof of Service
3. a. Party served *(specify name of party as shown on documents served)*:
      JASON J. EMER, MD, PROFESSIONAL CORPORATION, a California Professional Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CT Corporation System (CT Corp) - John Montijo, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Wed, Apr 22 2026    (2) at *(time)*:   12:30 PM
   b. [ ] **by substituted service**. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:  MASON KELLEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  JASON J. EMER, MD, PROFESSIONAL CORPORATION, et al. | 26STCV12029 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:             (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:    JASON J. EMER, MD, PROFESSIONAL CORPORATION, a California Professional Corporation
under the following Code of Civil Procedure section:

    ☒  416.10 (corporation)          ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)      ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)

    ☐  416.50 (public entity)          ☐  415.46 (occupant)

    ☐  other:

7.  **Person who served papers**

  a.  Name:           Tristan Cimo

  b.  Address:        5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:  2026025385

      (iii)  County:  Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 23, 2026

Tristan Cimo

    (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

                          (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| AC SoCal Law PC<br>Jacob Spaid SBN 298832<br>12636 High Bluff Drive, Suite 400<br>San Diego, CA 92130<br>　　TELEPHONE NO:　(888) 370-5062　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　jacob@acslawsd.com<br>　ATTORNEY FOR *(Name)*:　Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/30/2026 10:37 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Grim, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles |
|---|
| 　STREET ADDRESS:　111 N. Hill Street |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:　Los Angeles, 90012-3117 |
| 　BRANCH NAME:　Central District |

| PLAINTIFF / PETITIONER:　MASON KELLEY<br>DEFENDANT / RESPONDENT:　JASON J. EMER, MD, et al. | CASE NUMBER:<br>26STCV12029 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15722353 (28027864) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Proof of Service
3. a. Party served *(specify name of party as shown on documents served)*:
      Jose Bodon-Orsini, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   9201 Sunset Blvd ste 510, West Hollywood, CA 90069
5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Mon, Apr 27 2026　　　　(2) at *(time)*:　01:12 PM
   b. [ ] **by substituted service**. On *(date)*:　　　　　at *(time)*:　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*:　　　　　　　　　　　　or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

| PLAINTIFF / PETITIONER:   MASON KELLEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   JASON J. EMER, MD, et al. | 26STCV12029 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                       (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

  a.  Name:                 Diego Martinez

  b.  Address:            5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:      800-938-8815

  d.  **The fee** for service was:    $100.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner   ☐ employee   ☒ independent contractor

      (ii)  Registration No:  2025074970

      (iii)  County:  Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  April 28, 2026

Diego Martinez
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

*Diego Martinez-Marin*
_____
              (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| AC SoCal Law PC<br>Jacob Spaid SBN 298832<br>12636 High Bluff Drive, Suite 400<br>San Diego, CA 92130<br>TELEPHONE NO: (888) 370-5062       FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jacob@acslawsd.com<br>ATTORNEY FOR *(Name)*: Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/12/2026 9:19 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By P. Yap, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles |
|---|
| STREET ADDRESS:   111 N. Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   Los Angeles, 90012-3117 |
| BRANCH NAME:   Central District |

| PLAINTIFF / PETITIONER:   MASON KELLEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   JASON J. EMER, MD, et al. | 26STCV12029 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>15722352 (28027865) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
    a. [X] Summons
    b. [X] Complaint
    c. [X] Alternative Dispute Resolution (ADR) Package
    d. [X] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] Cross-Complaint
    f. [X] Other *(specify documents)*:   Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Proof of Service

3. a. Party served *(specify name of party as shown on documents served)*:
    Jason Emer, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   9201 Sunset Blvd ste 510, West Hollywood, CA 90069

5. I served the party *(check proper box)*
    a. [ ] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                          (2) at *(time)*:
    b. [X] **by substituted service**. On *(date)*:   Tue, May 05 2026        at *(time)*:   09:36 AM          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
    JOHN DOE (Cauc/M/36/150/5'8) - Person in Charge
        (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
        from *(city)*:                                              or [X] a declaration of mailing is attached.
        (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:  MASON KELLEY | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  JASON J. EMER, MD, et al. | 26STCV12029 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                                    (2)  from *(city)*:

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☒  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify)*:

   c.  ☐  as occupant.

   d.  ☐  On behalf of *(specify)*:

   under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)                              ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)                      ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)          ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)               ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                            ☐  415.46 (occupant)
   ☐  other:

7.  **Person who served papers**

   a.  Name:                      Diego Martinez

   b.  Address:                   5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

   c.  Telephone number:          800-938-8815

   d.  **The fee** for service was:  $125.00

   e.  I am:

   (1)  ☐  not a registered California process server.

   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

   (3)  ☒  a registered California process server:

   (i)  ☐ owner   ☐ employee   ☒ independent contractor

   (ii)  Registration No:   2025074970

   (iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   May 8, 2026

Diego Martinez
_____
 (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

Diego Martinez-Marin
_____
                    (SIGNATURE)

MC-031

| | |
|---|---|
| PLAINTIFF / PETITIONER:   MASON KELLEY<br>DEFENDANT / RESPONDENT:   JASON J. EMER, MD, et al. | CASE NUMBER:<br>26STCV12029 |

## DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: Jason Emer, an individual

1) Unsuccessful Attempt: Apr 27, 2026, 1:13 pm PDT at Business: 9201 Sunset Blvd ste 510, West Hollywood, CA 90069
   *Subject not on site today*

2) Unsuccessful Attempt: Apr 30, 2026, 4:00 pm PDT at Business: 9201 Sunset Blvd ste 510, West Hollywood, CA 90069
   *per male on site- subject isnt on site. stated i could sub serve jose his husband when I attempt the third time.*

3) Successful Attempt: May 5, 2026, 9:36 am PDT at Business: 9201 Sunset Blvd ste 510, West Hollywood, CA 90069 received by JOHN DOE (Cauc/M/36/150/5'8). Age: 36; Ethnicity: Caucasian; Gender: Male; Weight: 150; Height: 5'8"; Hair: Brown; Relationship: Person in Charge; Other: Buzzcut

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:    May 8, 2026

Diego Martinez
_____
(TYPE OR PRINT NAME)

*Diego Martinez-Marin*
_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

MC-031

| PLAINTIFF / PETITIONER:  MASON KELLEY | CASE NUMBER: |
| DEFENDANT / RESPONDENT:  JASON J. EMER, MD, et al. | 26STCV12029 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Alternative Dispute Resolution Information Package, Summons, Notice of Case Assignment, Notice of Case Management Conference, Proof of Service

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

Jason Emer, an individual
9201 Sunset Blvd, ste 510
West Hollywood, CA 90069

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   5/5/2026

Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* InfoTrack US, Inc.

| Form Approved for Optional Use | **ATTACHED DECLARATION** | Page 1 of 1 |
| Judicial Council of California | | |
| MC-031 [Rev.July 1, 2005] | | |