UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JASON EMER MD NEW YORK CITY, and DR. JASON EMER, MD,

Plaintiffs,

-against-

MASON KELLEY,

Defendant.

-------------------------------------------------------------X

Civil Action No.: 1:26-cv-05862 (JSR)

**DEFENDANT KELLEY MASON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEYS' FEES**

Defendant Mason Kelley ("Kelley"), in accordance with this Court's Order dated August 19, 2026, respectfully submits this Supplemental Memorandum of Law in opposition to Plaintiffs Jason Emer MD New York City (the "Company") and Dr. Jason Emer, MD's ("Emer," together "Plaintiffs") Motion to Remand and for Attorneys' Fees [Dkt. Entries 5-6, the "Motion") in light of Plaintiffs having filed a First Amended Complaint [Dkt. Entry 14].

## Table of Contents

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. THE AMENDED COMPLAINT ...................................................................................... 3

III. SUPPLEMENTAL ARGUMENT .................................................................................. 4

A. The Amended Complaint alleges facts about the corporate entity that contradict those alleged in the original complaint, and the amendment should be ignored for jurisdictional purposes. ........................................................................................................................ 4

B. The Amended Complaint still does not allege sufficient facts to establish Dr. Emer's domicile in California. ............................................................................................................ 6

C. In any event, Dr. Emer is still not a proper party to this lawsuit, and his citizenship can be ignored in evaluating diversity jurisdiction. ..................................................................... 7

D. The Amended Complaint, in which Plaintiffs contradict previous sworn allegations now that they are inconvenient, makes clear that sanctions against Defendant are not warranted. ... 7

IV. CONCLUSION ............................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98 (2d Cir. 2015) .................................. 5

*Lekwa v. Coca-Cola Co.*, 25-cv-69(EK)(RML), 2026 WL 879326 (E.D.N.Y. Mar. 31, 2026)..... 7

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)................................................................. 7

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) ...................................................... 5

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) .............................................. 4

*Wolde-Meskel v. Vocational Instruction Project Cmty. Service., Inc.*, 166 F.3d 59 (2d Cir. 1999)4

**Statutes**

28 U.S.C. § 1367 ........................................................................................................................ 5

28 U.S.C. § 1447(e) ..................................................................................................................... 5

## I. PRELIMINARY STATEMENT

Following oral argument on Plaintiffs' motion to remand this case to state court, the Court granted Plaintiff leave to file an Amended Complaint. [Minute Entry dated August 19, 2026.] Plaintiffs' Amended Complaint[1] attempts to add factual allegations to bolster their contentions that: (1) the corporate plaintiff is a California citizen, thereby defeating complete diversity; (2) the individual plaintiff is a California citizen, thereby defeating complete diversity; and (3) the individual plaintiff has a colorable claim such that his citizenship would matter in an analysis of diversity jurisdiction. The Amended Complaint falls short in each regard. Moreover, the fact that the Amended Complaint was necessary should make clear that Plaintiffs' request for an award of sanctions is wholly without merit. If anything, the Amended Complaint's apparent acknowledgment that the original Complaint contained materially false allegations about *Plaintiff's own corporate entity*, would counsel in favor of a sanctions award *against* Plaintiff.

Per the Court's direction, this memorandum of law is a supplement to, and not a replacement of Kelley's previously filed Opposition to Plaintiffs' Motion to Remand. Accordingly, this memorandum only addresses additional arguments warranted by Plaintiffs' Amended Complaint.

As an initial matter, many of the additional facts asserted in the Amended Complaint may be disregarded for jurisdictional purposes based on the general principle that jurisdiction is determined at the time of the Complaint and the time of Removal. None of the exceptions to that principle apply here. Accordingly, while Plaintiff now argues that the real corporate plaintiff at

[1] Because of multiple docketing errors, the Amended Complaint was docketed four times. Defendant is relying on the latest iteration of the First Amended Complaint, which was filed on August 31, 2026, and is docketed at Entry 14.

issue is a California entity, that is contradictory to what was alleged in the original complaint and at the time of removal. Plaintiff cannot use a post-removal addition of a Plaintiff to require a remand.

With respect to Dr. Emer's personal citizenship, while the Amended Complaint does now include some facts about his California residence, it still fails to sufficiently allege that California is his domicile. At oral argument, counsel indicated that Dr. Emer splits his time equally among California, New York, and Florida.[2] This leaves the question of Plaintiff's domicile in the same place as before the Amended Complaint: that is, while there is certainly information suggesting that Dr. Emer's domicile *could* be in California, there is also information questioning that conclusion, and there is insufficient information in the pleading to definitively answer that question.

Last, with respect to whether Dr. Emer has a colorable claim such that his citizenship is relevant, Dr. Emer appears to bolster his claim by now alleging that he personally funded the Company to make up for a shortfall somehow caused by Kelley. But, these brand new allegations should not be considered as part of the jurisdictional analysis as they were not present in the original complaint or at the time of removal. Moreover, the allegations on their face still fail to show how Kelley could be liable to Emer for fraud individually. Emer alleges that he had to use his money to cover the "shortfall" caused by Kelley's unauthorized pricing conduct. [*See* ECF No. 14 ¶¶ 78-79.] The only claim advanced by Emer, however, is fraud, and he specifically alleges that the alleged fraudulent statement at issue was "distinct from the underlying unauthorized pricing conduct." [*Id.* ¶ 74.] Emer's attempt to generate a fraud claim by relying on an assertion that

[2] Without the benefit of a transcript, it is the undersigned's recollection that Plaintiffs' counsel says that Dr. Emer spends up to one month each quarter in each location.

occurred *after* the events that caused him any alleged personal harm should be outright ignored, as they are implausible on their face.

## II. THE AMENDED COMPLAINT

The following allegations are taken directly from the First Amended Complaint and are included as relevant to this supplemental briefing. In the First Amended Complaint, the Corporate Plaintiff now alleges that it is "Jason J. Emer, MD, Professional Corporation," which exists under the laws of the State of California, "with its principal office located at 9201 Sunset Boulevard, West Hollywood, California." [Dkt. Entry 14 ¶ 2.] It alleges that it uses the "assumed name" "Jason Emer MD New York City" and operates a "satellite medical office" on West 57th Street in New York City. [*Id.* ¶ 3.] The Amended Complaint asserts that the corporate identify is a mere clarification of the party that has always been at interest. [*Id.* ¶ 4.] With respect to Dr. Emer individually, the Amended Complaint alleges that Emer resides in California, votes in California, and intends to remain in California, and is therefore a California citizen. [*Id.* ¶¶ 5-6.]

Relevant to this memorandum, the Amended Complaint also adds allegations about harm allegedly suffered by Dr. Emer individually. The Amended Complaint alleges that, on September 24, 2025, when Emer confronted Kelley about "unauthorized pricing," Kelley made statements to Emer that failed to fully disclose all of the "unauthorized pricing activity" that he had previously engaged in. [*Id.* ¶¶ 35-40.] He alleges that Kelley's omission of this information and promise to remedy the error fraudulently induced Emer to not fire him and to personally cover shortfalls caused by the already-given discounts. [*Id.* ¶¶ 43-46.] The Amended Complaint does not allege

that any additional "unauthorized pricing" occurred after the purportedly fraudulent statements occurred. [*See id.* ¶¶ 25-49.]

The only cause of action asserted by Dr. Emer individually is for "common-law fraud." [*See id.* at 9.] The factual allegations within the claim are the same as above: namely that Kelley, on September 24, failed to disclose all of his previous "unauthorized" conduct and falsely indicated that he would correct the errors. [*See id.* ¶¶ 66-70.] He alleges that Kelley made false statements to continue his employment and salary rather than being fired. [*Id.* ¶ 71.] Dr. Emer relied on these representations and continued to employ Kelley. [*Id.* ¶ 73.] He specifically alleges that the fraud claim is not based on the "underlying unauthorized pricing conduct" and therefore the losses caused by the underlying conduct are not the subject of the fraud claim. [*Id.* ¶ 74.] He then, however, alleges that he suffered pecuniary harm by having to cover shortfalls caused by the offered discounts. [*Id.* ¶¶ 78-79.] Emer alleges that he is the "sole shareholder, director, and principal physician" of the corporate plaintiff, but then alleges that the corporate plaintiff separately relied on the alleged fraudulent statements. [*Id.* ¶¶ 81-83.]

## III. SUPPLEMENTAL ARGUMENT

The same legal standards and arguments discussed in Kelley's initial opposition to the motion to remand remain applicable and are incorporated herein. Additional arguments are discussed in turn.

### A. The Amended Complaint alleges facts about the corporate entity that contradict those alleged in the original complaint, and the amendment should be ignored for jurisdictional purposes.

Generally, jurisdictional facts are assessed as of the time of removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Wolde-Meskel v. Vocational Instruction Project Cmty. Service., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). Barring limited exceptions, a post-

removal amendment cannot be used to defeat federal jurisdiction that existed at the time of removal, including when jurisdiction is based on diversity. *See In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98, 101-02 (2d Cir. 2015). There are some exceptions to this principle, but none apply here. The Supreme Court in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), allowed a post-removal amendment to defeat federal court jurisdiction, but explicitly grounded its analysis in the language of 28 U.S.C. § 1367, which grants supplemental jurisdiction and is not relevant here. Further, while some cases state that courts must remand the action if a party is added that would defeat complete diversity, the statute that requires such a remand explicitly only refers to the situation where a plaintiff "seeks to join additional *defendants*." 28 U.S.C. § 1447(e).

Here, the Complaint at the time of the removal unequivocally alleged that the corporate plaintiff was called "Jason Emer MD New York City" and maintained a "principal place of business in New York County." [Dkt. Entry 1-1 ¶ 2.][3] Counsel verified the original complaint, swearing that the allegations therein were true to his knowledge under penalty of perjury. [*Id.* at 16.] While the Amended Complaint now states no such entity exists, the allegation that the Amended Complaint merely "clarifies" the name of the correct entity is misleading. [Dkt. Entry 14 ¶ 4.] The Amended Complaint also now alleges that the corporate plaintiff maintains a principal place of business in California. [*Id.* ¶ 2.] The New York address that was identified in the original complaint as the "principal place of business" is now identified as a mere "satellite medical office." [*Id.* ¶ 3.]

As Kelley articulated in his original opposition to the Motion to Remand:

[3] While this fact was alleged "upon information and belief" elsewhere in the Complaint, Paragraph 2 contains no such limitation.

> Plaintiffs are the masters of their complaint, and they will be held to the jurisdictional consequences of their pleading choices: having sworn that the Company is a New York practice headquartered in Manhattan in order to obtain a New York forum, they cannot now be heard to suggest the opposite in order to escape a federal one.

[Dkt. Entry 9 at 16.] Plaintiffs have done exactly what we previously suggested they might do: amended their sworn allegations about the nature of their own business now that different facts are more convenient. As discussed above, the jurisdictional facts should be assessed as of the time of removal, where the corporate entity was alleged to be "Jason Emer MD New York City," a New York entity headquartered in New York. [*See* Dkt. Entry 1-1 ¶ 2.] Plaintiff's addition of an additional *Plaintiff* to defeat diversity jurisdiction should not be the basis for a remand at this stage. Even to the extent that the introduction of a new corporate plaintiff at this stage would be relevant, limited jurisdictional discovery would be appropriate.

### B. The Amended Complaint still does not allege sufficient facts to establish Dr. Emer's domicile in California.

In his initial opposition, Kelley argued that, to the extent it mattered, the allegations in the Complaint and in the Motion to Remand fell short of establishing Dr. Emer's domicile. [Dkt. Entry 9 at 17-18.] In short, the information pointed to by Emer tended to show at least part-time residence in California, but it did not get all the way to establishing domicile. [*Id.*] The Amended Complaint does not fare better.

While the addition of information about his voter registration and medical license is relevant, it does not establish that the totality of the evidence would make California his domicile. The Amended Complaint still contains no details about his extensive ties to New York, in which he purports to run a significant business (and in which counsel suggested Dr. Emer lives up to four months out of the year). Accordingly, as asserted in Kelley's initial opposition, to the extent that

Dr. Emer's citizenship is relevant at all, limited, expedited discovery is more appropriate than a remand. [*See* Dkt. Entry 9 at 18.]

**C. In any event, Dr. Emer is still not a proper party to this lawsuit, and his citizenship can be ignored in evaluating diversity jurisdiction.**

As an initial matter, additional factual assertions about Dr. Emer in the Amended Complaint cannot be relied on to defeat diversity as they were not alleged in the case at the time of removal. Factual issues relevant to jurisdiction are to be evaluated as of the "time of filing." *See Lekwa v. Coca-Cola Co.*, 25-cv-69(EK)(RML), 2026 WL 879326, *2-*3 (E.D.N.Y. Mar. 31, 2026). When this case was removed, as discussed in Kelley's original opposition, Plaintiff's fraud allegations were wholly insufficient. [*See* Dkt. Entry 9 at 13-14.]

Even if the Court were to consider the facts in the Amended Complaint, Emer's individual claim is still meritless to the point that it should be ignored. The only claim of harm by Dr. Emer individually is that he used personal funds to cover shortfalls caused by Kelley's alleged "unauthorized pricing activity." [Dkt. Entry 14 ¶¶ 75-79.] But, the fraud claim that Dr. Emer asserts is explicitly based on representations "distinct from the underlying unauthorized pricing conduct." [*Id.* ¶ 74.] The Amended Complaint in no way contains a non-conclusory allegation that links Dr. Emer's purported injury to Kelley's alleged fraudulent statement. Accordingly, Dr. Emer's fraud claim is still improper for the same reasons discussed in Kelley's initial opposition.

**D. The Amended Complaint, in which Plaintiffs contradict previous sworn allegations now that they are inconvenient, makes clear that sanctions against Defendant are not warranted.**

Even if the Court concludes that the Amended Complaint renders remand to state court appropriate, the fact that Plaintiff had to amend the complaint to defeat jurisdiction should itself make clear that Kelley did not "lack[] an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Indeed, more than having to file an

amended complaint to bolster their arguments regarding this Court's jurisdiction, Plaintiffs' Amended Complaint directly contradicts sworn allegations made in the orignal complaint that Kelley had a good faith basis to rely on. Specifically, the original complaint, in an effort to establish venue in New York (and, likely to avoid the consquence of California's compulsory cross-complaint rule) alleged that the corporate plaintiff has a principal place of business in New York. [Dkt. Entry 1-1 ¶ 2.] Plaintiffs now allege that the principal place of business is in California, [Dkt. Entry 14 ¶ 2.] Plaintiffs likewise previously alleged that the corporate entity paid all salary and payroll expenses, [Dkt. Entry 1-1 ¶ 6], but now, in order to demonstrate damages, alleges that Dr. Emer personally made payroll payments [Dkt. Entry 14 ¶ 78]. Accordingly, even to the extent that Plaintiffs are permitted to change their allegations, to sanction Kelley for relying on Plaintiff's original allegations would be patently unfair. If anything, to the extent that this matter is remanded based on facts alleged in the Amended Complaint that directly contradict the sworn allegations made in the original complaint, sanctions would be warranted against Plaintiffs.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, and those discussed in Kelley's original Opposition to the Motion to Remand, Defendant respectfully requests that the Court deny Plaintiffs' Motion in its entirety; disregard the citizenship of, or drop pursuant to Rule 21, Plaintiff Dr. Jason Emer, MD; and grant such other and further relief as the Court deems just and proper. Alternatively, Defendant Mason Kelley respectfully requests that the Court permit limited jurisdictional discovery before ruling or resolving his forthcoming personal-jurisdiction defense in the first instance. Defendant Mason Kelley is available for any additional oral argument at the Court's convenience.

[signature on next page]

Dated: September 4, 2026

New York, New York

Yours etc.,

MARTENSON, HASBROUCK & SIMON, LLP

By: __*/s/ Evan S. Weiss*________________________

Evan S. Weiss, Esq.
*Attorney for Defendant*
One Battery Park Plaza, Suite 1110
New York, New York 10004
(332) 345-2475
eweiss@martensonlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1, the undersigned certifies that this Memorandum Of Law complies with the word-count limitation of Local Civil Rule 7.1(c) because, excluding the caption, table of contents, table of authorities, signature block, and this certificate, it contains [2,561] words, as counted by the word-processing system used to prepare it, which is fewer than the 8,750 words permitted for a memorandum in opposition to a motion.

Dated: September 4, 2026

/s/ Evan S. Weiss
Evan S. Weiss, Esq.