UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON EMER MD NEW YORK CITY; JASON EMER, M.D.; JASON J. EMER, MD, PROFESSIONAL CORPORATION D/B/A JASON EMER MD NEW YORK CITY,<br><br>Plaintiffs,<br><br>-v-<br><br>MASON KELLEY,<br><br>Defendant. | 26-cv-5862 (JSR)<br><br>OPINION AND ORDER |

JED S. RAKOFF, U.S.D.J.:

Before this Court is plaintiffs' motion to remand this case to state court. The question is whether remand is required (or even permitted) when a post-removal amendment to the complaint eliminates the sole basis for this Court's subject matter jurisdiction.

The answer is yes. Subject matter jurisdiction limits this Court's power to hear and decide cases. The First Amended Complaint ("FAC") is the only operative complaint in this case. This Court does not have subject matter jurisdiction based on the claims, parties, and allegations in the FAC. Therefore, remand to state court is required. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

# I. Background

## A. Factual Background

Jason J. Emer, MD, Professional Corporation ("PC") is a medical spa incorporated in California, doing business in New York as Jason Emer MD New York City. FAC ¶¶ 1-4, ECF No. 14. Jason Emer, M.D. is the sole shareholder, director, and principal physician of PC. FAC ¶ 7, ECF No. 14. Defendant Mason Kelley was employed by PC in New York City as the Head of Sales. FAC ¶ 15-18.

Plaintiffs allege that Kelley "repeatedly caused or authorized substantial discounts outside the scope of his authority and contrary to the pricing and approval processes defendant himself was charged with following and enforcing." FAC ¶ 27, ECF No. 14. In total, plaintiffs allege that Kelley granted "approximately $332,912 in unauthorized discounts associated with completed procedures and approximately $82,300 relating to additional services and treatment opportunities." FAC ¶ 28, ECF No. 14.

According to the FAC, "Dr. Emer began confronting Defendant concerning unauthorized pricing" less than one month after Kelley assumed the Head of Sales position. FAC ¶ 35, ECF No. 14. Then, "on or about September 24, 2025" defendant represented to Dr. Emer in email and oral communications "that he would 'call the patient,' 'own the pricing error,' and 'cover the difference.'" FAC ¶ 36, ECF No. 14.

The FAC alleges that, based "upon Defendant's representations . . . Dr. Emer temporarily refrained from immediately terminating Defendant." FAC ¶ 44, ECF No. 14. However, "Dr. Emer [] personally

used funds belonging to him individually to satisfy payroll, rent, and other operating obligations that the Practice was unable timely to satisfy because of the financial shortfall associated with Defendant's unauthorized pricing activity." FAC ¶ 45, ECF No. 14.

The FAC does not allege when Kelley was terminated but alleges that he was employed by PC for "approximately" ninety days, and that he was hired "in or about August 2025." FAC ¶¶ 1, 15, ECF No. 14.

On April 14, 2026, Kelley sued PC, Jason Emer, Jose Bodon-Orsini (a PC employee), and other unnamed PC employees for sexual harassment, discrimination, and retaliation in California Superior Court. See Opp. Ex. 1-3, ECF No. 9.

**B. Procedural Background**

On May 4, 2026, plaintiffs filed this action in New York state court against defendant Mason Kelley. The original complaint listed as plaintiffs Jason Emer MD New York City and Dr. Jason Emer, MD. Compl. ¶¶ 4-5, ECF No. 1-1. The complaint brought (1) a claim on behalf of PC under New York's faithless servant doctrine based on Kelley's provision of unauthorized discounts; (2) a claim on behalf of PC for breach of fiduciary duty or breach of loyalty also based on the provision of unauthorized discounts; and (3) a claim on behalf of Dr. Emer and PC for fraud based on Kelley's unfulfilled promise to correct an identified pricing discrepancy and to personally cover the identified shortfall.

On July 10, 2026, defendant removed the action to federal court, citing diversity jurisdiction. See Notice of Removal ¶ 15, ECF No. 1.

Defendant alleged, "upon information and belief, gleaned from the allegations in the Complaint," that complete diversity exists because Kelley is a citizen of California and Dr. Emer and Jason Emer MD New York City are both citizens of New York. Id. ¶¶ 6-9. The amount in controversy exceeds $75,000. Id. ¶ 12.

On July 21, 2026, plaintiffs moved to remand the case to state court and sought an award of attorneys' fees and costs. See ECF No. 5. They argued that complete diversity is absent because Dr. Emer, like defendant, is domiciled in California. Defendant opposed the motion. See ECF No. 9. Attached to defendant's opposition was an affidavit by defendant's counsel Evan S. Weiss, which declared that "Jason Emer MD New York City" is not an entity registered in New York, and that the only entity with "Jason Emer" in its name is "Jason J, Emer, MD, Professional Corporation," registered in California. See ECF No. 9-1; Exs. 1, 2. Also attached was a copy of Kelley's employment agreement listing Jason J. Emer, MD, Professional Corporation as the employer.

This Court heard oral argument on August 19, 2026. At Oral Argument, plaintiffs' counsel admitted that Jason J. Emer, MD, Professional Corporation is the right plaintiff in this lawsuit because it is the only existing legal corporation and was defendant's employer. Accordingly, this Court allowed plaintiffs to file an amended complaint and ordered supplemental briefs on the motion to remand in light of the amended complaint.

On August 31, 2026 plaintiffs filed the FAC, listing Jason J. Emer, MD, Professional Corporation d/b/a Jason Emer MD New York City and Dr. Jason Emer, MD, as the plaintiffs. See ECF No. 14. Defendant filed a supplemental opposition to the motion to remand and plaintiffs filed a second reply in support of the motion. See ECF Nos. 15, 16.

## II. Legal Standard

On a motion to remand, the defendant "bears the burden of demonstrating the propriety of removal," Cal. Pub. Emples. Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation modified), and must prove jurisdiction by a preponderance of the evidence, Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006)). Because "statutory procedures for removal are to be strictly construed," courts "resolve any doubts against removability." Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021) (citation modified).

## III. Analysis

Plaintiffs' motion to remand raises two issues: first, whether to remand this case to state court, and second, whether to award attorney's fees and costs to plaintiffs. Each issue is addressed in turn.

### A. Remand is required

Defendant contends that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, commonly referred to as 'diversity jurisdiction.' Section 1332 grants district courts

jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Diversity requires "complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (emphasis original). Here, the parties in the FAC are not completely diverse because both defendant Kelley and plaintiff PC are citizens of California.

The lack of complete diversity among the parties in the FAC requires this Court to grant the motion to remand. In Royal Canin U.S.A. v. Wullschleger, 604 U.S. 22 (2025), the Supreme Court considered whether a post-removal amendment of the complaint eliminating the only federal claim also extinguishes the court's ability to exercise supplemental jurisdiction over the remaining state law claims. Like defendant in this case, Royal Canin argued that "[t]he amendment of a complaint following removal of a suit to federal court cannot divest that court of supplemental jurisdiction." Id. at 32. The Supreme Court disagreed, because subject matter jurisdiction is determined based on the operative, amended, complaint. Id. at 43-44.

The Supreme Court's analysis in Royal Canin U.S.A. applies with equal force here. Specifically, remand is required because (1) subject matter jurisdiction limits federal courts' power to hear cases; (2) in both original and removed cases, subject matter jurisdiction is determined based on the operative, amended, complaint; (3) the requirements for diversity jurisdiction are the same in original and

removed cases; and (4) the Supreme Court has held that, in an original case, the addition of a non-diverse party in an amended complaint eliminates diversity jurisdiction. Therefore, an amendment to a complaint adding a non-diverse party in a removed case also eliminates diversity jurisdiction.[1] This is true for the following four reasons:

First, "a court's subject-matter jurisdiction defines its power to hear cases," Lightfoot v. Cendant Mortg. Corp, 580 U.S. 82, 92 (2017), and "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). That means, federal courts "possess only that power [to hear cases] authorized by Constitution and statute." Id. Whereas the Constitution limits federal courts' jurisdiction to certain listed "Cases" and "Controversies," U.S. Const. art. III, § 2, Congress has limited federal court jurisdiction to (principally, though not exclusively) cases raising federal questions, 28 U.S.C. § 1331, cases between diverse parties, see id. § 1332, and supplemental state law

[1] However, pursuant to the "fraudulent joinder" rule, a "plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy." Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010). "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). Defendant argues that the fraudulent joinder rule applies to the individual plaintiff Jason Emer, M.D. Even assuming defendant is right, defendant does not argue that the fraudulent joinder rule applies to plaintiff PC, which independently defeats diversity jurisdiction in this case.

claims, see id. § 1367. The parties agree that in this case the only conceivable jurisdictional basis is diversity jurisdiction.

Second, in both original and removed cases subject matter jurisdiction is determined based on the operative complaint. "If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The original pleading no longer performs any function in the case." Royal Canin U.S.A., 604 U.S. at 35 (citation modified); see also id. ("'When a petition is amended,' the 'cause proceeds on the amended petition.'" (quoting Washer v. Bullitt Cty., 110 U.S. 558, 562 (1884)). "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." Id. at 30. "By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority." Id. at 39. This "uniformity . . . between original and removed cases [] is not surprising. The appropriateness of federal jurisdiction -- or the lack thereof -- does not depend on whether the plaintiff first filed suit in federal or state court. Rather, it depends, in either event, on the substance of the suit -- the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?)." Id. at 38-39.

Third, "nothing in" § 1332's text "distinguishes between cases removed to federal court and cases originally filed there." Id. at 32. So, "[w]hatever that text says about removed cases, it also says about original ones, and vice versa." Id. That means, for example, that in

both original and removed cases § 1332 requires complete diversity among all the parties.

Fourth, under existing Supreme Court precedent, "[t]he addition of a non-diverse party in [] a[n original diversity] case typically destroys diversity jurisdiction, requiring the case's dismissal." Id. at 37 (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374-77 (1978)). The same must be true, then, in a removed case as well.

Therefore, this Court lacks subject matter jurisdiction over this case. Plaintiffs amended their complaint to add a non-diverse party: PC, an entity incorporated in California, the same state where defendant Kelley is a citizen. As a result, complete diversity is lacking from the only operative complaint in this case and this Court is without subject matter jurisdiction.

Royal Canin U.S.A. stated the same, albeit in dicta. "[I]n removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction." Id. at 38. The Supreme Court acknowledged that "no appellate decision addresses" this scenario, id. at 37, n.7, but as the foregoing analysis demonstrates, it is legally correct.

Contrary to defendant's suggestion, this result is consistent with the time-of-filing rule. See Supp. Opp. at 4, ECF No. 15. The time-of-filing rule requires courts to "evaluate[] a party's citizenship (*e.g.* whether the defendant is in fact from New York) at the time a suit is brought, and never again later." Royal Canin U.S.A., 604 U.S. at 36, n.5 (emphasis original). The Supreme Court described

this rule as "something of an exception" to the general rule that the amended pleading controls whether a federal court has subject matter jurisdiction based on the complete diversity of all parties. Id. at 38, n.8. And the exception is narrow: the time-of-filing rule "concerns only the actual 'state of things' relevant to jurisdiction -- meaning, the facts on the ground, rather than (as addressed here) the claims and parties that the plaintiff includes in a complaint." Id. at 36, n.5. In this case, one of the plaintiffs in the FAC is a California entity, which means complete diversity is missing because defendant is also a California citizen. The time-of-filing rule does not change that.

The only remaining question is what a federal district court must do when a post-removal amendment eliminates the only basis for subject matter jurisdiction. Congress provided the answer. "When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (per curiam) (alteration adopted) (quoting 28 U.S.C. § 1447(c)). Thus, where "[t]he operative pleading no longer supports federal jurisdiction, [] the federal court must remand the case to the state court where it started." Royal Canin U.S.A., 604 U.S. at 39.

For these reasons, the motion to remand must be granted.

**B. Attorney's fees and costs are not warranted**

Although remand is required, awarding attorney's fees and costs to plaintiffs is not warranted. This Court has discretion to award plaintiffs "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). When "an objectively reasonable basis for seeking removal . . . exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

**1. Removal was objectively reasonable**

Defendant had an objectively reasonable basis for removal. Plaintiffs rely on Calabro v. Aniqa Halal Live Poultry Corp., 650 F.3d 163 (2d Cir. 2011) (per curiam) to argue that removal was unreasonable. In Calabro, the defendant removed based on "the presence of federal claims in its third-party complaint." Id. at 166. That was "objectively unreasonable" because under the "well-pleaded-complaint rule" federal question jurisdiction is determined based only on "plaintiff's statement of his own cause of action." Id. (citation modified). "Moreover, it is well-established that a defendant may not evade this rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis." Id.

This case is not like Calabro. Defendant's removal was based on a reasonable interpretation of the facts alleged in the complaint and did not conflict with a well-established rule of law. Plaintiffs'

original complaint listed two plaintiffs: Jason Emer MD New York City and Dr. Jason Emer, MD. The complaint alleged that the former was "a medical practice with its principal place of business located at 57 W 57TH ST, Suite 611, New York, New York 10019 2815, in New York County." Compl. ¶ 4, ECF No. 1-1. Thus, it was objectively reasonable to think this plaintiff was a citizen of New York.

The complaint also alleged that Dr. Emer was "the founder, owner, and principal physician of JASON EMER MD NEW YORK CITY, responsible for supervising employees . . ." Compl. ¶ 5, ECF No. 1-1. Since the medical practice was allegedly located in New York, and there were no factual allegations suggesting otherwise, it was also objectively reasonable to believe that Dr. Emer was in fact a citizen of the state in which the medical practice was allegedly located: New York.

**2. Unusual Circumstances do not warrant awarding fees and costs**

Nevertheless, awarding fees and costs may be warranted if there are unusual circumstances and doing so would serve "the purposes of awarding fees under § 1447," namely, to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Martin, 546 U.S. at 140-41 (citation modified).

For example, in City of N.Y. v. Exxon Mobil Corp., 154 F.4th 36 (2d Cir. 2025), the Second Circuit affirmed an award of attorney's fees based on unusual circumstances. "Exxon's renewed opposition to remand in this case was not made in a vacuum," but following an intervening Second Circuit decision rejecting most of Exxon's

arguments and "after efforts to remove similar state cases to federal court had been rejected all around the country." Id. at 48. Thus, "[a]lthough Defendants may have removed this case in good faith in 2021, their opposition to the City's Renewed Motion to Remand," even after the Second Circuit's decision and Exxon's arguments were "universally rejected by federal courts around the country," could "no longer be considered a good faith litigation strategy." Id. (citation modified). Rather, it was within the district court's discretion to find that Exxon used removal to delay the litigation and impose costs on plaintiffs, and thus, to award plaintiffs fees and costs.

Plaintiffs argue that two circumstances make this case unusual. First, defendant's own California lawsuit alleged that Dr. Emer "is, and at all relevant times was, an individual residing in Los Angeles County, California." ECF No. 9-1, Ex.3 ¶ 4. Second, before defendant removed the case to federal court, plaintiffs' counsel provided defendant's counsel with Dr. Emer's California driver's license and a utility bill for a house in California. Plaintiffs' counsel argues that these documents establish Dr. Emer's citizenship in California.

Neither circumstance suggests that defendant removed this case to delay the litigation or to impose costs on plaintiffs. Nothing prohibits a defendant from taking conflicting positions in different lawsuits consistent with their interests in each case. Moreover, defendant's counsel provided a reasonable explanation for why the evidence submitted by plaintiffs' counsel did not legally establish

Dr. Emer's citizenship in California and expressed openness to changing their position by requesting more evidence of Dr. Emer's citizenship.

Accordingly, no fees will be awarded and each party will bear its own costs.

**IV. Conclusion**

For the reasons set forth above, the motion to remand is hereby granted. The Clerk of Court is respectfully directed to close the motion at docket number 5 and remand this case back to state court.

SO ORDERED.

New York, New York
10/13/2026

JED S. RAKOFF, U.S.D.J.